UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JANET JIMENEZ | |
| v. | No. 1:23-CV-00011-H-BU |
| | No. 1:21-CR-00023-H-BU-1 |
| UNITED STATES OF AMERICA | |

**ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On April 21, 2022, the Court adjudged Janet Jimenez guilty of possessing with intent to distribute methamphetamine and sentenced her to 168 months' imprisonment. Cr. Dkt. No. 54. In her amended pro se motion to vacate, set aside, or correct her conviction and sentence under 28 U.S.C. § 2255, Jimenez claims in six grounds that her attorney, Paul J. Escobar, was ineffective during plea negotiations and at sentencing. Civ. Dkt. No. 6. Among other things, Jimenez alleges that Escobar told her that she could not file an appeal within 14 days of her sentencing.

On March 21, 2024, the Court denied all of Jimenez's grounds for relief except her ineffective-assistance-of-counsel (IAC) claim that Escobar failed to protect her right to a file a direct appeal. Civ. Dkt. No. 13. Under the authority of 28 U.S.C. § 636(b)(1), the Court referred this IAC claim to the Honorable Magistrate Judge John R. Parker, instructing that he appoint Jimenez counsel, conduct a hearing, and issue a report and recommendation on her claim.

Judge Parker appointed Wade Iverson as Jimenez's counsel and held an evidentiary hearing on her one remaining IAC claim. Civ. Dkt. Nos. 15, 36. Judge Parker has since issued a thorough report recommending that the Court find that Jimenez has established that Escobar rendered ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984);

and, in turn, grant her amended motion to vacate. Civ. Dkt. No. 39. The government did not file any objections.

The Court has conducted an independent review of the record in this case and reviewed Judge Parker's report for plain error. Finding no plain error in Judge Parker's recommended findings of fact and conclusions of law, the Court accepts and adopts his findings and conclusions. However, the Court respectfully declines to adopt Judge Parker's recommendation to grant Jimenez's amended motion to vacate.

As suggested by the government in its response, Civ. Dkt. No. 12, the Court finds that the appropriate remedy under these circumstances is to dismiss in part Jimenez's amended motion without prejudice and reinstate her judgment of conviction, which will restart the time for appeal.[1] *See United States v. Rivas*, 450 F. App'x 420, 430 (5th Cir. 2011) (citing *United States v. West*, 240 F.3d 456, 458–60 (5th Cir. 2001)).

The Court therefore dismisses in part Jimenez's amended motion to vacate without prejudice. The Court will reinstate its April 21, 2022 criminal judgment by separate order in Jimenez's criminal case.

The Court will enter judgment accordingly.

So ordered.

Dated June 17, 2025.

                                            JAMES WESLEY HENDRIX
                                            United States District Judge

---

[1] Additionally, the Court finds that Jimenez's amended motion should denied in part with respect to her remaining five IAC claims that the Court denied on March 21, 2024. *See* Civ. Dkt. No. 13.